UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>SALVADOR WALKER,<br><br>                                    Defendant. | Case No.:  12-cr-909-BEN<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>**[Dkt. Nos. 90 and 92]** |

Defendant moves for a reduction in his sentence under 18 U.S.C. § 3582(c), arguing that amendment 782 to the Sentencing Guidelines warrants the modification. He also moves to expedite consideration of his motion.

Section 3582(c)(2) establishes a two-step inquiry for sentence reduction proceedings. At the first step, the court decides eligibility for sentence reduction by determining whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th Cir. 2019), *cert. denied,* 140 S. Ct. 879, 205 L. Ed. 2d 491 (2020); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). "The policy statement applicable to § 3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, authorizes a sentence reduction if, but only if, the retroactive amendment has the "'effect of lowering the defendant's applicable Guidelines range.'" *Id.* (citing U.S.S.G. §1B1.10(a)(2)(B)). To apply this policy statement, a court determines whether the

1

Guidelines range is lowered by calculating the amended Guidelines range that would have been applicable to the defendant if the relevant Guidelines had been in effect at the time the defendant was sentenced.  *Id*.  But that determination is not the end of the eligibility inquiry.  "Another provision of the policy statement . . . generally prohibits sentence reduction if the original term of imprisonment is below the lower end of the amended Guidelines range."  *Id.*  (citing § 1B1.10(b)(2)(A)).

      Defendant does not qualify for a sentence modification under amendment 782.  Defendant was convicted by a jury of conspiracy to import methamphetamine in violation of 21 U.S.C. §§ 952, 960 and 963.  He was sentenced in June 2014 (prior to the amendment to the drug offense Guidelines) to 210-months in prison.  The sentence was imposed after consideration of a joint agreement filed the same day as his sentencing.  In it, Defendant agreed to a base offense level of 38 and a total offense level of 37 and a government recommendation of 210-months in lieu of the government pursuing a section 851 penalty enhancement.  Also, as part of the agreement, Defendant admitted his conspiracy involved importing 14.42 kilograms of methamphetamine (actual).  Based on the joint sentencing agreement and the Pre-Sentence Report, the Court hereby makes supplementary findings that Defendant is more likely than not responsible for 14.42 kilograms of methamphetamine (actual).  *United States v. Mercado-Moreno*, 869 F.3d 942, 957 (9th Cir. 2017) ("It is sufficient for the district court to consider the amount of the new threshold in the retroactive amendment, here 4.5 kilograms, and determine whether a preponderance of the evidence in the record indicates that the defendant is more likely than not responsible for that amount.").

      Defendant's Sentencing Guidelines range of 210 to 265-months was calculated on a base offense level of 38.  The amended Guidelines did not change the base offense level of 38 for a quantity of 14.42 kilograms of methamphetamine (actual).  Moreover, Defendant was sentenced at the low-end of the Guideline range as calculated.  The imposed sentence of 210-months would be in the middle of an adjusted Guidelines range

for a base offense level of 36 (188 to 235-months), had a two-level reduction in the base offense level been employed.

Therefore, Defendant's Motion for Reduction in Sentence is Denied.

IT IS SO ORDERED.

DATED: May 20, 2020

_____
HON. ROGER T. BENITEZ
United States District Court Judge